THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY JAMES RAINEY | § | |
| | § | |
| VS. | § | C.A. NO. C-04-525 |
| | § | |
| DOUG DRETKE | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

In this habeas corpus action, petitioner Larry James Rainey ("Rainey") challenges a disciplinary action pursuant to 18 U.S.C. § 2254. Rainey was disciplined for possessing a weapon in his cell.

Rainey asserts that his Fourteenth Amendment rights and his rights afforded by the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") were violated, first, when the disciplinary hearing officer denied his request to question the charging officer; and second, when he was found guilty of possessing a weapon with intent to harm another person without any evidence of the weapon provided at the hearing. Respondent has filed a motion for summary judgment, (D.E. 22), arguing that Rainey failed to establish that he is entitled to any relief. Rainey has filed a response in opposition. (D.E. 24). For the reasons stated herein, it is respectfully recommended that the respondent's motion for summary judgment be granted.

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254.

## FACTUAL BACKGROUND

On February 22, 2004, Officer Adelman conducted a search of Rainey's cell: 11 Building, Transient Cell 6, Row 1.  During the course of this search, she found a two-inch metal point attached to a pen inside a cup with colored pencils and other pens.  (D.E. 23, Disciplinary Hearing Records, at 2-3 (Prelim. Investigation Report dated Feb. 23, 2004); (Offense Report dated Feb. 24, 2004)).  The search of Rainey's cell was witnessed by Officer Flores, who indicated that when he "and Officer N. Alderman were conducting a cell search on Tran 6 Cell, Officer Alderman took the top of [sic] a writing pen [and] it was discovered that the pen had a 2" long metal point."  (D.E. 23, Disciplinary Hearing Records, at 4 (Inter-Office Communication dated Feb. 22, 2004)).

Officer Adelman charged Rainey with possession of a weapon intended to be used to injure another person.  (D.E. 23, Disciplinary Hearing Records, at 2 (Offense Report dated Feb. 24, 2004)).  Rainey denied having a weapon.  (D.E. 23, Disciplinary Hearing Records, at 3 (Prelim. Investigation Report dated Feb. 23, 2004)).  Nonetheless, he admitted that he had the needle, but claimed he used it for sewing.  (D.E. 23, Disciplinary Hearing Records, at 8 (TDCJ Service Investigation

Work Sheet dated Feb. 24, 2004)).

Rainey was informed of the disciplinary charges on February 25, 2004. (D.E. 23, Disciplinary Hearings Records, at 1 (TDCJ Disciplinary Report and Hearing Record dated Feb. 26, 2004)). On February 26, 2004, a disciplinary hearing was held at which Rainey was informed of his right to call witnesses and present documentary evidence. (D.E. 23, Disciplinary Hearing Records, at 1, 8 (TDCJ Disciplinary Report and Hearing Record dated Feb. 26, 2004); (TDCJ Service Investigation Work Sheet dated Feb. 24, 2004)). After admitting that the needle was his, Rainey indicated to the hearing officer that he wanted to call the charging officer as a witness. The hearing officer, however, refused to allow him to call the charging officer based on the reasoning that it would only provide frivolous evidence. (D.E. 23, Disciplinary Hearing Records, at 1 (TDCJ Disciplinary Report and Hearing Record dated Feb. 26, 2004)).

Rainey was found guilty at the disciplinary hearing and punished with 45 days restriction of commissary and recreation privileges, 15 days in solitary confinement, the retention of his line classification status at L-3, and the loss of 30 days of good time credit. (D.E. 23, Disciplinary Hearing Records, at 1 (TDCJ Disciplinary Report and Hearing Record dated Feb. 26, 2004)). A picture of the weapon was included within the file from the disciplinary hearing. (D.E. 23,

Disciplinary Hearing Records, at 5). This file also included a list of several questions for the charging officer. (D.E. 23, Disciplinary Hearing Records, at 7). Rainey was provided a copy of the hearing report following the conclusion of the hearing. (D.E. 23, Disciplinary Hearing Records, at 1 (TDCJ Disciplinary Report and Hearing Record dated Feb. 26, 2004)).

On February 27, 2004, Rainey filed a Step 1 grievance, which was denied on April 5, 2004. (D.E. 23, Disciplinary Grievance Records, at 1-2 (Offender Grievance Form dated Feb. 27, 2004)). On April 8, 2004, he filed a Step 2 grievance, which was denied on April 22, 2004. (D.E. 23, Disciplinary Grievance Records, at 3-4 (Offender Grievance Form dated Apr. 22, 2004)).

## PETITIONER'S ALLEGATION

Rainey alleges that during his disciplinary hearing, he requested that he be able to call the charging officer as a witness. (D.E. 1, at 7). The officer conducting the disciplinary hearing denied Rainey's request to call the charging officer. Id. Rainey asserts this refusal constituted a violation of due process under the Fourteenth Amendment. Id.; see also (D.E. 1, Mem. of Law & Facts, at 1).

Rainey also alleges that he was found guilty of the charge of possession of a weapon with intent to harm another person without any evidence of the weapon being presented at the disciplinary hearing. (D.E. 1, at 7). He asserts that such a

finding also constituted a violation of due process under the Fourteenth Amendment.  Id.

Implicit within Rainey's allegations is a challenge of the punishments that he received in the February 26, 2004 disciplinary hearing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

In cases where a prison disciplinary action is challenged, "a state prisoner must exhaust state administrative remedies prior to seeking habeas relief."  Rourke v. Thompson, 11 F.3d 47, 49 n.6 (5th Cir. 1993); accord Gatrell v. Gaylor, 981 F.2d 254, 258 n.3 (5th Cir. 1993).  Respondent does not dispute that Rainey has exhausted his administrative remedies.  (D.E. 22, at 4).

## STANDARD OF REVIEW

**A.    Standard of Review on Summary Judgment.**

A party is entitled to summary judgment if it "demonstrates there is an absence of genuine issues of material fact."  Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)); see also Fed. R. Civ. P. 56(c).  A party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the record that it believes establish the absence of any genuine issues of material fact.  Rizzo v. Children's World Learning Ctrs., Inc., 84

5

F.3d 758, 762 (5th Cir. 1996) (citations omitted); Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citations omitted).

If the movant meets its burden, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Stults, 76 F.3d at 656. "The nonmovant can satisfy its burden by tendering depositions, affidavits, and other competent evidence to buttress its claim...." Rizzo, 84 F.3d at 762. When the nonmovant fails to meet this burden, then summary judgment must be granted. Stults, 76 F.3d at 656.

### B. Standard of Review on a Federal Habeas Petition.

This Court reviews a federal habeas petition by determining whether the disciplinary hearing officer's actions were arbitrary and capricious or an abuse of discretion. Banuelos v. McFarland, 41 F.3d 232, 234-35 (5th Cir. 1995); Smith v. Rabalais, 659 F.2d 539, 543 (Unit A 5th Cir. 1981) (citations omitted). "The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether the decision is at least supported by 'some facts' 'whether any evidence at all' supports the action taken by the prison officials." Smith, 659 F.2d at 543 (citation omitted); accord Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (quoting Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986)).

## **DISCUSSION**

### A. The Disciplinary Hearing Officer Did Not Violate Any Constitutional Right By Refusing To Call The Charging Officer.

Rainey challenges the decision by the disciplinary hearing officer to prevent him from calling the charging officer as a witness. Specifically, he asserts that such a refusal to call the charging officer is a denial of this Fourteenth Amendment rights and a violation of TDCJ-ID Rules and Disciplinary Procedures. (D.E. 1, Memo. of Law & Facts, at 1).

As the Supreme Court has established, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Therefore, as the Fifth Circuit has explained, "the right of confrontation and cross-examination, inherent in the American system of justice, is necessarily placed 'on a different footing' in a prison disciplinary hearing due to the inherent dangers and greater hazards presented to the prison system." Smith, 659 F.2d at 543 (citations omitted).

Rainey's argument that he should have been allowed to call the charging officer is further undercut by the fact that it does not likely appear that the outcome would have been any different. None of the questions that he intended to ask the charging officer seemingly would have elicited any information that was not already

7

in the disciplinary hearing record. (D.E. 23, Disciplinary Hearing Records, at 7); see also Banuelos v. McFarland, 41 F.3d 232, 234-35 (5th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)) ("Even if the hearing officer erred in not calling witnesses, it appears that there was no prejudice to Banuelos's right because the testimony of the other inmates would not have changed the result of the proceeding."). Indeed, there is no prejudice because Rainey admitted to possessing the needle that was fashioned as a weapon. Moreover, a picture of the weapon was included within the disciplinary hearing records.

Rainey's argument that the TDCJ-ID Disciplinary Rules and Procedures Handbook afford him a right to call and examine the charging officer at his disciplinary hearing is misplaced. First, as his own memorandum establishes, this handbook simply states "'the offender may request the presence of his/her accuser(s), including the charging officer.'" (D.E. 1, Memo. of Law & Facts, at 1) (emphasis added). This language does not establish that Rainey has a definitive right to call the charging officer, but simply that he may request her appearance. The prison officials may deny the request.

Second, Rainey also notes that the handbook states that "'the offender, or his/her counsel substitute, may question all witnesses who appear at the hearing or are interviewed over the telephone.'" (D.E. 1, Memo. of Law & Facts, at 1). This

language merely establishes that Rainey had the right to question or cross-examine any and all witnesses who appeared at the hearing. He does not, however, allege that he was denied the opportunity to question or cross-examine any such witnesses. Instead, he complains because he was not allowed to call the charging officer. This language is inapplicable to his claim.

Even if one assumes that the disciplinary officer violated prison rules and regulations by failing to call the charging officer, such a violation does not constitute a violation of due process. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) ("a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"). Here, the necessary minimum constitutional safeguards have been met by the disciplinary hearing. See Banuelos, 41 F.3d at 234-35 (citing Strickland, 466 U.S. at 694).

### B.   The Evidence Supported The Determination By The Hearing Officer.

In her Offense Report, Officer Adelman documented the search of Rainey's cell and the finding of the weapon. Officer Flores corroborated Officer Adelman's account of the events. Rainey admitted that the needle, which formed the basis of the weapon, was his. Finally, contrary to Rainey's assertion, there was evidence of the weapon in the disciplinary hearing record.

9

The Fifth Circuit has established that there only need be some facts or evidence to support a disciplinary hearing finding.  Hudson, 242 F.3d at 537; Smith, 659 F.2d at 545.  Indeed, an officer's incident report alone is some evidence in support of the disciplinary hearing finding.  Hudson, 242 F.3d at 537.  Taken as a whole, the evidence presented at the disciplinary hearing supports the finding by the hearing officer.

    **C.    The Punishments Assessed Do Not Violate Any Constitutional Right.**

Implicit within Rainey's habeas petition is a challenge of the punishments that he received pursuant to the disciplinary hearing.  These punishments included 45 days restriction of commissary and recreation privileges, 15 days in solitary confinement, the retention of his line classification status at L-3, and the loss of 30 days of good time credit.

While the Supreme Court established that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner," Sandin v. Conner, 515 U.S. 472, 478 (1995), "prisoners do not shed all constitutional rights at the prison gate." Id. at 485.  In Sandin, the Court explained that prisoner's liberty interests were "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ...,

nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (noting as examples "transfer to mental hospital" and "involuntary administration of psychotropic drugs") (citation omitted). In discussing Sandin, the Fifth Circuit further elaborated on these liberty interests explaining that they "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of the time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).

### 1. Commissary and Recreation Privileges and Solitary Confinement.

Rainey's 45 days restriction of commissary and recreation privileges is not a violation of the due process clause. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768 ("30 day commissary and cell restrictions as punishment ... do not implicate due process concerns"). Similarly, his 15 days in solitary confinement also does not violate the due process clause. See Sandin, 515 U.S. at 486; Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); Picardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)).

### 2. Retention of Line Classification.

Additionally, the retention of his line classification status at L-3 does not violate the due process clause. There is no evidence that had Rainey been

reclassified "that such reassignment would automatically shorten his sentence or lead to his immediate release." Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997). In Texas, line classification is subject to a variety of factors. Malchi, 211 F.3d at 959. Here, the connection between Rainey's classification and any constitutionally protected liberty interest is too attenuated to violate due process. Id.

### 3. Loss of Good Time.

Finally, as a result of the disciplinary hearing, Rainey lost 30 days of good time credit. "A Texas prisoner does not necessarily have a constitutional expectancy of release on a particular date." Malchi, 211 F.3d at 958. Whether this loss of 30 days of good time credit creates a liberty interest protected by the due process clause is a question of state law. Richards v. Dretke, 394 F.3d 291, 293 (5th Cir. 2004); Hudson, 242 F.3d at 535-36.

In Malchi, the Fifth Circuit determined that a delay of release from prison by a few days was a de minimis delay that did not trigger a constitutional claim. 211 F.3d at 958. However, a loss of more than six months was more than de minimis. Id. As in Malchi, Rainey was first sentenced in 1990 prior to the adding of discretion in whether a prisoner may be released. See id. at 958 & n.6. Here, his loss of 30 days is less than six months, but more than a few days.

12

The respondent argues in his motion for summary judgment that a thirty day loss of good time credit is <u>de</u> <u>minimis</u>. Respondent bases his argument on a footnote in <u>Richards</u>. (D.E. 22, at 8 (quoting Richards, 394 F.3d at 294 n.5)). This footnote that simply mentions, without deciding, that thirty days loss of good time credit "might" be <u>de</u> <u>minimis</u> does not provide a sufficient basis for denying habeas corpus relief where here the amount of good time lost by Rainey was only thirty days. In <u>Wolff</u>, the Supreme Court established a three-part test to determine if a genuine issue of material fact exists regarding a violation of a petitioner's due process rights. 418 U.S. at 563-66. It is appropriate to apply this three-part analysis to Rainey's claim related to the loss of thirty days of good time credit at his disciplinary hearing.

The first part of the test assesses whether written notice of the claimed violation was provided at least 24 hours before the disciplinary hearing. <u>Id.</u> at 563-64. This notice gives "the charged party a chance to marshal the facts in his defense and to clarify what the charges are." <u>Id.</u> at 564. The underlying purpose is to provide the inmate a chance to prepare for his appearance before the disciplinary hearing. <u>Id.</u> at 564.

Rainey was informed of the disciplinary charges February 25, 2004 and the

hearing was held February 26, 2004.[1]  Rainey received the required 24 hours advance notice of the charges, therefore, there was no violation of Rainey's due process rights with regard to this prong of the test.

The second part of the test requires that "a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action" be given to the inmate.  Wolff, 418 U.S. 563-64.  Rainey was provided a copy of the hearing report that set forth the evidence the hearing officer relied on and the reasons for the disciplinary action taken against Rainey.  Because he received the required written statement regarding the evidence relied on and the reasons for the disciplinary action his due process rights were not violated with regard to this prong of the test.

Finally, the inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  Wolff, 418 U.S. at 566.  However, prison officials retain the discretion to refuse to call witnesses and are not required to state the reasons for refusing to call any witness.  Id.  Rainey was informed of his right to call witnesses and present documentary evidence.

---

[1] The evidentiary record shows that Rainey was informed of the disciplinary charges at 10:15 on February 25, 2004 and the disciplinary hearing was held at 1:30 on February 26, 2004. (D.E. 1, 8).  This timing appears to be in excess of the 24 hours addressed in Wolff.

Despite the fact that Rainey admitted the needle belonged to him, he wanted to call the charging officer as a witness. The hearing officer refused to allow Rainey to call the charging officer because only frivolous evidence would have been provided. The fact that the hearing officer refused to call the charging officer when her Offense Report was already part of the record, when there is no evidence that she would have contributed anything additional to the record, and when Rainey had already admitted the weapon was his, does not constitute a violation of Rainey's due process rights. See infra Discussion Part A.

The three-part test established by the Supreme Court to assess whether a prisoner received due process in his disciplinary hearing was complied with by respondent. Rainey was given all the due process to which he was entitled at his disciplinary hearing. Therefore, no violation of Rainey's due process rights occurred in relation to the assessment of the loss of thirty days of good time credit and he has failed to state a claim for habeas relief. As a result, it is respectfully recommended that respondent's motion for summary judgment be granted.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rainey has not yet filed a

notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

In this case, it appears that reasonable jurists could not debate the denial of Rainey's § 2254 petition on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, Rainey is not entitled to a certificate of appealability as to his claim.

## **RECOMMENDATION**

It is respectfully recommended that the respondent's motion for summary judgment be granted. Moreover, the petitioner is not entitled to a certificate of appealability as to his claim, and it is recommended that the Court not grant a certificate of appealability.

Respectfully submitted this 16th day of June 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 8(b)(3), Rules Governing § 2254 Cases, and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d. 1415 (5th Cir. 1996) (en banc).