IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY JAMES RAINEY | § | |
| | § | |
| VS. | § | C.A. NO. C-04-525 |
| | § | |
| DOUG DRETKE | § | |

**ORDER ON MEMORANDUM AND RECOMMENDATION
AND DENYING HABEAS CORPUS PETITION**

In this habeas corpus action, petitioner Larry James Rainey ("Rainey") challenges as unconstitutional a disciplinary conviction which resulted in his loss of 30 days earned good time credit, 15 days solitary confinement, and 45 days commissary and recreation restriction (D.E. 1). On June 16, 2005, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that Rainey's petition be denied (D.E. 26) for the reasons stated in respondent's motion for summary judgment (D.E. 22). Rainey has filed an objection to the recommendation (D.E. 27).

Having reviewed the findings of fact and conclusions of law presented in the recommendation, as well as the pleadings on file and Rainey's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), the Court declines to adopt as its own the specific findings and conclusions of the Magistrate Judge. However, for the reasons stated herein, the Court agrees with the conclusion that Rainey's petition be denied.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

During a search of Rainey's cell on February 22, 2004, Officer N. Aldeman found a two-inch metal point attached to a pen and secreted by a pen top. DHR[1] at 2. On February 25, 2004, Rainey was charged with possession of a weapon intended to be used to injure another person. DHR at 1. Rainey was appointed counsel substitute ("CS") to assist in his case. DHR at 8-10. Rainey told his CS that the metal object was a needle that he used to sew and that he had hid it in the pen, but he denied that he tied the needle to a pen to make a weapon. DHR at 8.

On February 26, 2005, a disciplinary hearing was held. DHR at 1. Rainey pled not guilty. DHR at at 1. Rainey, however, admitted to possessing the metal point. Id. The disciplinary hearing officer ("DHO") denied Rainey's request to cross-examine the charging officer Id. After considering the charging officer's written offense report and Rainey's admission to possession of the metal point, the DHO found Rainey guilty as charged. DHR at 1. As punishment, Rainey received 45 days loss of commissary and recreation privileges, 15 days solitary confinement, and loss of 30 days good time credits. Id.

Rainey filed step 1 and step 2 grievances challenging his disciplinary conviction. See GR at 1-4. His conviction was affirmed on both appeals. RSJ Ex. C.

## III. EXHAUSTION

A state prisoner challenging a prison disciplinary action must first exhaust his administrative remedies. Gatrell v. Taylor, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (inmate challenging disciplinary hearing must first exhaust the TDCJ grievance procedures); Spaulding v. Collins, 867 F. Supp. 499, 502 (S.D. Tex. 1993) ("because this case involves a prison disciplinary action, it is not reviewable

---

[1] "DHR" refers to Rainey's disciplinary hearing records, filed at D.E. 23. "GR" refers to Rainey's grievance records, also filed at D.E. 23.

2

by state courts and is properly brought by federal habeas corpus petition" after exhaustion of the TDCJ grievance procedure).  By filing both Step 1 and Step 2 grievances, Rainey has exhausted his administrative remedies.

### IV.  PETITIONER'S ALLEGATIONS

Rainey challenges his disciplinary conviction on the following grounds:

(1)   The DHO denied him an opportunity to call and question the charging officer; and

(2)   The DHO violated TDCJ-CID rules and procedures because he failed to enter into evidence a photograph of the metal point.

### V.  DISCUSSION

**A.   Challenges to prison disciplinary convictions.**

Challenges to the loss of good time credits must be pursued in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475 (1973)(habeas corpus is sole remedy in federal court for a prisoner seeking restoration of good time credits); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). See also Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997) (prisoner seeking § 1983 damages for false disciplinary conviction must first demonstrate that conviction has been invalidated through habeas corpus).  A conviction, for purposes of Preiser and Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good time credits.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998).  A conviction in the prison disciplinary sense is "'the finding of guilt on the disciplinary charge....'"  Clarke, 154 F.3d at 189 (citations omitted).

In this case, because Rainey lost 30 days earned good time credits, his challenge to his disciplinary conviction is properly maintained in a habeas corpus proceeding.

**B.   Due process protections in prison disciplinary cases.**

3

The Constitution does not guarantee good time credit for satisfactory behavior while in prison. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, some states create such a right. Madison, 104 F.3d at 768. When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's "liberty" concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state created right is not arbitrarily abrogated.[2]  Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Any deprivation of this protected liberty interest must comport with due process.  Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 447 (1985).

Procedurally, due process requires that an inmate be provided with (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

Substantively, due process is not violated if "some evidence" supports a prison disciplinary board's revocation of statutory good time credits.  Hill, 472 U.S. at 454.  The Hill Court explained the "some evidence" standard as follows:

---

[2]In Texas, prisoners may be eligible for early release on parole or under a mandatory supervised release program. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence.  Tex. Rev. Civ. Stat. Art. 6181-1 § 4, now Tex. Gov't Code § 498.003(a). Because it is discretionary, inmates do not have a protected liberty interest in early release to parole. See Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). However, the Texas Court of Criminal Appeals has held that inmates who are eligible for release to mandatory supervision *do have* a protected liberty interest in that release. Ex parte Geiken, 28 S.W.2d 553 (Tex. Crim. App. 2000).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56.

**C. Analysis of Rainey's claims.**

*1. Denial of right to call and confront charging officer.*

In his first claim, Rainey argues that he was denied due process at the disciplinary hearing because the DHO refused to let him call for cross-examination, the charging officer, Officer Adelman.

A prisoner has no general right to confront or cross examine witnesses at a prison disciplinary hearing. Baxter v. Palmigiano, 425 U.S. 308, 315, 322 n. 5 (1976); Wolff, 418 U.S. at 567-68. Wolff provides that an inmate faced with loss of earned good time credits be provided the *opportunity* to call witnesses. Wolff, 418 U.S. at 563-67. This right is a limited one and is available to the inmate only "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. In fact, "[p]rison officials have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. Prison officials can limit the evidence a prisoner presents when they can articulate legitimate reasons for doing so. Henson v. United States Bureau of Prisons, 213 F3d 897, 898 (5th Cir. 2000).

Here, the DHO denied Rainey's requested to cross-examine Officer Adelman and articulated his reasons for doing so: "Accused admitted to possession of metal point, therefore denied cross examination...". Id. In addition, the DHO rejected as frivolous Rainey's proposed cross-examination questions. Rainey's proposed questions to Officer Adelman included the following:

What were you doing in the cell?

Was there a supervisor present?

5

>Why was [sic] you doing a cell search without a supervisor present?
>
>Why didn't you show to offender what you'd found?
>
>Didn't you design the so-call [sic] weapon yourself?

See DHR at 7.

Under these circumstances, there is no constitutional violation. It was within the discretion of the DHO to not call Officer Adelman as a witness. As noted by the Supreme Court in Wolff, "[t]he unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution." Wolff, 418 U.S. at 566. In order to keep prisons running effectively, discretion must be placed with prison officials to keep the hearing within reasonable limits. Id. at 566-67. Here, the DHO exercised his discretion in declining to call Officer Adelman because Rainey admitted to being in possession of the metal point. In addition, Rainey's proposed questions were irrelevant. Rainey fails to establish that the charging officer's answers to the excluded questions would have changed the outcome of the hearing. Henson, 213 F.3d at 898.

Further, the record shows that Rainey received all the due process protections to which he was entitled. He was provided with notice of the charges against him prior to the hearing and appointed counsel substitute to assist him with his defense. DHR at 1, 8-10. Rainey was given the opportunity to make a statement on his own behalf and to testify as to his account of the events, which he did. Although Rainey testified that he did not attach the metal point to a pen to make a weapon, he admitted to possession of the metal point and to "hiding it' under the pen top. DHR at 8. Rainey was provided with a written statement of the evidence relied upon and the reason for the disciplinary action. DHR at 1. The disciplinary report shows that Rainey was found guilty of possessing a weapon intended to be used to injure another person, and that the DHO relied upon the charging officer's written report and Rainey's admission of possessing the metal point in making this decision. DHR at 1. Further, the DHO explained his reasons for the punishment: "To modify offender

behavior." DHR at 1.

In addition, there is some evidence to support the DHO's findings. The DHO relied on the written report of the charging officer as well as Rainey's admission of possessing the metal point. DHR at 1. Although Rainey explained that the metal point was for sewing and that he had not attached the point to the pen, his testimony was in direct conflict with that of the charging officer's report that the metal point was attached to the pen. DHR at 2. The DHO, having considered all of the evidence, was entitled to make his own judgment as to the credibility and reliability of witnesses. Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981), cert. denied, 455 U.S. 992, 102 S. Ct. 1619 (1982).

Rainey was provided all the due process protections to which he was entitled, and some evidence supports the DHO's finding of guilt.

### 2. *Failure to follow TDCJ-CID policies and procedures.*

In his second claim, Rainey argues that his disciplinary conviction violates due process because the DHO failed to obtain as evidence a photograph of the metal point. Rainey argues that, under the TDCJ-CID disciplinary procedures concerning disciplinary hearings, the DHO was required to included in the record a photograph of the metal point.

Rainey's allegation is refuted by the record. A photograph of the metal point was included as part of his disciplinary hearing record. See DHR at 5.

Moreover, even if a photograph had not been included in the record, such a claim fails to raise a due process issue. Habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure, or in this case, administrative procedure. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). Thus, even if a photograph of the metal point was not introduced as

evidence at the hearing, the failure to do so did not violate Rainey's due process rights. Rainey is not entitled to relief on this claim.

### 3.  *Other punishments.*

To the extent Rainey is challenging his loss of 45 days commissary and recreation privileges and 15 days solitary confinement, he fails to state a constitutional violation. These punishments are merely changes in the conditions of his confinement and do not implicate due process concerns. Sandin v. Conner, 515 U.S. 472 (1995) (due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters). They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (30 day commissary and cell restriction does not implicate due process clause). Rainey's challenges to these punishments fails to state a constitutional claim upon which habeas corpus relief may be founded.

## VI.  **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rainey has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Rainey's habeas corpus petition on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Rainey is not entitled to a certificate of appealability as to his claim.

## VII. CONCLUSION

Rainey was afforded all the due process protections to which he was entitled. He was given written notice of the charges against him, was represented by counsel substitute, and was given the opportunity to testify on his own behalf. It was within the discretion of the DHO to deny Rainey's request to cross-examine Officer Adelman. Based on Rainey's admission of guilt, and finding that Rainey's proposed cross-examination questions were frivolous, the DHO properly rejected Rainey's request to cross-examine the charging officer.

Accordingly, respondent's motion for summary judgment, D.E. 22, is granted, and Rainey's petition for habeas corpus relief is DENIED.

ORDERED this   4th   day of July, 2005.

_____
Janis Graham Jack
United States District Judge